IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson, | C/A No. 3:11-2659-JFA-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States Department of Justice of Federal Bureau of Investigation; Federal Bureau of Investigation, | |
| Defendants. | |

Plaintiff, Ronald Brunson, ("Plaintiff"), proceeding *pro se*, brings this civil action against the named Defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff's Complaint is disjointed, vague, and appears on its face to be comprised of delusional allegations. Plaintiff claims that, between August and November 2009, a 42 million dollar check was supposed to have been issued to Plaintiff in connection with a "wrongful death investigation that I was injured through." However, Plaintiff alleges that the check was stopped by the FBI because it was "allege I was doing still Masturbation." (See ECF No. 1 at 3-6.) Plaintiff alleges that "sex discrimination has happen to me as a

fully disable adult Mental and Physical, but still be uses as a vulnerable adult disable."[1] (Id. at 6.) Plaintiff claims that he subsequently contacted United States Congressman James E. Clyburn to "request to contact to show you serious injury evidences F.B.I. Columbia, S.C. done for alleging I was doing Masturbation since I requested their assistant 2004-2005, did decided to kill me using their machine internal intelligent electronic current to my at birth implant devices." (Id. at 7-10.) Plaintiff's prayer for relief, verbatim, is "Request relief Clemency and relief $42,000,000 forty two million dollars. Plug internal investigation machines and technolge electricity cord away out of receptical from my at birth internal implant devices. Federal and State Penetenary with permanent firing." (Id. at 10.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

---

[1] Plaintiff also alleges that he "need[s] special assistance under Federal Disability Act." (ECF No. 1 at 8.) Plaintiff's application to proceed *in forma pauperis* alleges that he receives social security disability income. (ECF No. 2.)

Page 2 of 7



this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so;

however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Complaint in this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claim against the defendant. Although the court is bound to liberally construe Plaintiff's *pro se* complaint, 28 U.S.C. § 1915 accords courts not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to dismiss those claims whose factual contentions are clearly baseless. A plaintiff must do more than make conclusory statements and fantastic, fanciful, and delusional allegations to support his claim. See Brock v. Angelone, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); Feurtado v. McNair, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), aff'd, 227 F. App'x 303 (4th Cir. May 15, 2007). Plaintiff's allegations that the defendant stopped payment on a 42 million dollar check to Plaintiff because he was allegedly masturbating, then decided to kill Plaintiff using an electronic device that was placed into his body at his birth seems fantastic, fanciful, and delusional.



Therefore, because this lawsuit is based on allegations that seem delusional, irrational, and wholly beyond belief, this court should dismiss it because it is factually frivolous.[2]

Moreover, Plaintiff's Complaint fails to state a claim on which relief may be granted because this court cannot grant Plaintiff a pardon or clemency for state or federal crimes. See Herrera v. Collins, 506 U.S. 390, 412-14 (1993) (outlining history of executive pardon power and clemency in the United States). The Complaint is also subject to summary dismissal because Plaintiff seeks monetary relief against defendants who are immune from such relief in this type of action. The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). If this case is treated as a Bivens action,[3] a Bivens action may not be brought against agencies of the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies). If this

---

[2] The court takes judicial notice of Plaintiff's other current proceedings in this court, in which Plaintiff makes some of the same delusional allegations involving the FBI. See C/A Nos. 11-2659, 11-2660, 11-2662; Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Plaintiff's complaints in three pending cases, i.e. C/A Nos. 11-2314, 11-2313, and 11-2132, have all been recommended for summary dismissal by the assigned United States Magistrate Judge because of Plaintiff's failure to state a claim on which relief may be granted by the court. In previous actions in this court, Plaintiff has alleged the same type of fantastic, fanciful, and delusional claims against the FBI and other parties, i.e. SLED, CIA, NAACP, which have been summarily dismissed as factually and/or legally frivolous. See C/A Nos. 11-3214, 11-3213, 11-3212. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances, "[t]he District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

[3] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (establishing a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights).



case is treated as one brought under the Federal Tort Claims Act ("FTCA"), as defendants in this action, the United States Department of Justice and its Federal Bureau of Investigation are entitled to summary dismissal on the basis of sovereign immunity. A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001), affirmed, 46 Fed. Appx. 212 (4th Cir. Sept. 24, 2002).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process. See 28 U.S.C. § 1915.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 21, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).